***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and the plaintiff at all relevant times.
3. Royal Sun Alliance Insurance Company was the compensation carrier on risk at all relevant times.
4. The employee's average weekly wage will be determined from the Form 22 to be provided by defendants for all relevant times.
5. The issues to be determined by the Commission are as follows:
 a) Whether plaintiff sustained an injury by accident while in the course and scope of the employment with defendant-employer?
b) If so, what, if any, benefits is plaintiff entitled to receive?
 ***********
Based upon the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff began working for defendant-employer in September of 1998 as a sewer in the safety stitch line.
2. On May 17, 1999, plaintiff claims that she was attempting to pick up a bundle of 36 pairs of blue jeans when she felt a pop in her back. Plaintiff stated that she told her supervisor of this incident, but her supervisor does not recall plaintiff telling her that she had injured her back.
3. Plaintiff was seen and treated by Dr. Steven C. Hill, plaintiff's family physician. Plaintiff did not tell Dr. Hill that she had injured her back at work, but told him that she had been having back pain for the last week. Dr. Hill removed plaintiff from work due to her back problems.
4. Plaintiff's condition did not improve and Dr. Hill sent her to see Dr. Donald Mullis. Dr. Mullis stated that plaintiff never indicated to him that she had injured her back at work and in fact she had indicated on a questionnaire she completed on her first visit that she had not injured her back at work
5. Additionally, when plaintiff was sent to physical therapy for treatment, she told her therapist that she had been experiencing chronic back pain for the last 20 years and that her symptoms had gotten worse over the last year.
 ***********
Based on the foregoing Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not suffer an injury by accident while in the course and scope of employment with defendant-employer.
2. Plaintiff has failed to prove by the greater weight of the evidence that plaintiff is entitled to recover any workers' compensation benefits in this matter.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for worker's compensation benefits must under the law be and is hereby denied.
2. Each side shall pay their respective costs.
This the ___ day of September 2002.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ THOMAS J. BOLCH COMMISSIONER